UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JON A. "PHOENIX" DEMPSTER

VERSUS

VETERANS ADMINISTRATION, et al.

CIVIL ACTION

NO. 14-497-JWD-RLB

**RULING AND ORDER**

Before the Court is a Motion to Dismiss by the United States of America on behalf of its agency, the Department of Veteran Affairs. (Doc. 27). In a previous ruling (Doc. 31), this Court denied pro se Plaintiff's Motion to Expedite Decision to Quash Defendants' Motion to Dismiss this Tort (Doc. 30), and ruled that Plaintiff's Motion to Quash Defendants' Motion to Dismiss (Doc. 29), would be treated as an opposition to the Motion to Dismiss. The United States has filed a Reply Memorandum. (Doc. 32). The Court has read the motions and associated memoranda. Oral argument is not necessary. For the reasons set out below, the Court grants the Motion to Dismiss by the United States (Doc. 27).

Suit was filed by Plaintiff on August 11, 2014. (Doc. 1). Plaintiff sued the Veteran's Administration ("VA"), Veteran Service Center Manager Steve Kelly and VA Field Examiner Glenn Hebert. The present motion asks the Court to dismiss this case pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5) for insufficient service of process and also asks for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

This motion is not the first time the issue of insufficient service of process has been raised in this case. On October 28, 1014, this Court issued an Order denying Plaintiff leave to proceed *in forma pauperis*. (Doc. 9). In that Order, the Court notified Plaintiff of his

1

responsibility to serve the defendants as provided under Rule 4 of the Federal Rules of Civil Procedure and directed him to properly complete summonses to the Clerk of Court for issuance. The Order further advised Plaintiff that the summonses should contain the name of the defendants and the physical addresses for service. (Doc. 9).

On January 30, 2015, another Order issued cancelling a previously set scheduling conference and specifically directed Plaintiff's attention to Rule 4(i) "for service of the United States and Its Agencies, Corporations, Officers, or Employees." (Doc. 20). Thereafter, Plaintiff failed to takes steps to ensure proper service of process but rather, filed a motion requesting judgment in his favor should the United States not appear and defend the action within 60 days. (Doc. 21, p. 5).

In response to this and other motions filed by Plaintiff, the Court issued yet another Order on February 24, 2015, informing Plaintiff that he "has not yet served any named defendant in the matter in accordance with Rule 4," and encouraging him "to consult the Federal Rules of Civil Procedure regarding who may perfect service" and "once again call[ing] plaintiff's attention to Fed. Rule Civ. P. 4(i) which provides the procedures for service on the United States and Its Agencies, Corporations, Officers or Employees." (Doc. 23, pp. 1-2). The Court denied Plaintiff's pending motions on the grounds that process had not been effectively served on Defendants. (Doc. 23, pp. 2-3).

In response to the present Motion, Plaintiff has filed a "Motion to Quash Defendants [sic] Motion to Dismiss" (Doc. 29) and a separate but similar "Motion to Expedite Decision to Quash Defendants [sic] Motion to Dismiss This Tort." (Doc. 30). Although these are styled as motions, the Court interprets these to be memoranda in opposition to the present Motion to Dismiss. To

the extent these are deemed motions, they are denied. These oppositions are largely unresponsive to the service of process issues raised the current motion.

On the service issue, the issues before the Court are whether pro se Plaintiff has correctly and effectively served the Defendants and, if not, whether he should be given another opportunity to do so. The United States argues that service remains defective because, although Plaintiff delivered process by hand to the VA Regional office in New Orleans, Louisiana, on February 27, 2015 (Doc. 28, pp. 10-12) and by certified mail to the VA offices in Washington, D.C., and Milwaukee, Wisconsin (Doc. 28, pp. 1-6, 18), the United States has not been served properly as is required by Rule 4(i). Specifically, the United States contends that no form of process has been sent by certified or regular mail as required by Rule 4(i)(1)(B) which, argues the United States, "vitiates the plaintiff's service of process not only upon the VA, but also upon all other named defendants, as the requirements of Rule 4(i)(2) and (3) have not been met." (Doc. 27-1, pp. 3-4).

The United States also contends that the individual defendants, Glenn Hebert and Steve Kelly, have not been properly served for additional and independent reasons. Hebert was served by certified mail at the VA post office box in Milwaukee which, argues the United States, is not proper under Rule 4(e)(2) or under Louisiana law as allowed by Rule 4(e)(1). Kelly's service by hand delivery at the VA's office in New Orleans likewise is not authorized by Rule 4(e)(2) or Louisiana law. (Doc. 27-1, p. 4).

In his opposition briefs, Plaintiff doesn't directly address the arguments of the United States. Instead, Plaintiff suggests that proper service was effected "by a Deputy of the East Baton Rouge Parish" on February 26, 2015. (Doc. 29, p. 2; Doc. 30, p. 2). Plaintiff also argues that the

United States is not a defendant (Doc. 29, p. 3; Doc. 30, p. 3), which the Court interprets to be an argument that the United States therefore does not need to be served.

When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is pro se does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpublished opinion).

Despite two previous opportunities, Plaintiff has still not properly served Defendants. For the reasons argued by the United States and recounted above, service remains deficient. Suit was filed on August 11, 2014 (Doc. 1) and so the 120 days allowed to serve the defendants under Rule 4(m) expired on December 9, 2014. Because Plaintiff has not made proper service despite two previous opportunities to do so, the Court dismisses his suit without prejudice. Fed.R.Civ.P. 4(m).

The United States has also moved to dismiss the action under Rule 12(b)(1) for lack of subject matter jurisdiction. On the 12(b)(1) motion, the Court begins with the Plaintiff's complaint. While Plaintiff's allegations and request for relief are somewhat vague, it is apparent that he is complaining first about a failure to receive veteran's benefits due to injury sustained by him during his military service from August 21, 1979 to October 18, 1989 and claims related to that process (e,g. perjury, slander, libel, harassment suffered by Plaintiff during and as a part of the process). Second, Plaintiff alleges that he suffered injury as a result of alleged medical malpractice by unidentified VA personnel. (Doc. 1, ¶¶ 1, 8, 9, 11 and 12; *see also* documents

attached to Plaintiff's Complaint (Docs. 1-2 and 1-3 and those submitted by Plaintiff in connection with his Motion to Quash; these seem to pertain to his claim for VA benefits, Doc. 29-1, pp. 1-11)).

As to the VA disability benefits claim, the United States is correct in its contention that the Board of Veterans' Appeals and the United States Court of Appeals for Veterans Claims, and not this Court, has the exclusive jurisdiction to hear Plaintiff's complaint regarding the denial of his veteran's disability benefits. 38 U.S.C. § 511; 38 U.S.C. § 7252(a) and (c); 38 C.F.R. § 20.101; *Zuspann v. Brown*, 60 F.3d 1156, 1158-59 (5th Cir. 1995); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994). In short, Plaintiff has brought his case in the wrong court and this court has no power to hear his claim or grant the relief he seeks regarding the failure to pay service-related disability benefits.

As to Plaintiff's medical malpractice claim against unnamed VA personnel (as well as the tort claims for defamation and harassment connected to his disability benefits denial), the United States correctly argues that such tort claims must be brought against the United States, not the VA or employees of the VA. 28 U.S.C. § 2679 (a) and (b)(1). Thus, this Court lacks subject matter jurisdiction over this claim. *Atorie Air v. FAA*, 942 F.2d 954, 957 (5th Cir. 1991); *Galvin v. O.S.H.A.*, 860 F.2d 181, 183 (5th Cir. 1988). To put it more simply, again, this Court does not have the power to hear the case as it is presently brought against the VA and employees thereof.

The United States also argues that, even if Plaintiff had sued the United States, Plaintiff has not exhausted his administrative remedies and attaches a Declaration from Charles J. Caine to support that argument. In this 12(b)(1) motion, the Court may, but will not consider Mr. Caine's affidavit. It is important to note however, that the United States is correct when it argues that a medical malpractice claim brought for injuries allegedly caused by the negligent care given

by VA medical personnel must be brought under the Federal Tort Claims Act (28 U.S.C. §§ 2671, et seq. and 28 U.S.C. § 1346(b). In order to sue the United States for such a claim, it is necessary for the Plaintiff to first file an administrative claim to the agency involved (in this case, the VA). 28 U.S.C. § 2675(a). Unless and until that process is completed and the administrative claim rejected (in fact or by the passage of time with no action), this Court lacks jurisdiction (i.e. the power) to hear and decide the medical malpractice claim. *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992); *McAfee v. 5th Cir. Judges,* 884 F.2d 221, 222-23 (5th Cir. 1989); *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980).

Because the Plaintiff is not represented by counsel and is proceeding as his own lawyer, the Court will dismiss his claim without prejudice. However, any new suit that contains the same jurisdictional defects as the present suit will be dismissed with prejudice. Furthermore, if Plaintiff does file another suit arising out of these same operative facts and fails to properly serve the right defendant in the proper way, as has been the case up to now, the case will again be dismissed in accordance with the law.

For the foregoing reasons, the Motion to Dismiss filed by the United States is **GRANTED** and Plaintiff's case is dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on June 29, 2015.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**